The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULE CROWELL, individually and as Personal Representative of the Estate of STEPHANIE DEAL, Decedent; and DAVID NELSON, Guardian ad Litem for E.M. and J.A., minor children,<br><br>Plaintiffs,<br><br>v.<br><br>COWLITZ COUNTY, a political subdivision of the State of Washington; MARIN FOX HIGHT, in her official capacity; and JOHN DOES 1-5,<br><br>Defendants. | NO.  3:14-cv-5153-BHS<br><br>**FIRST AMENDED COMPLAINT** |

COME NOW the above-named Plaintiffs, by and through their attorneys of record, Duane C. Crandall of Crandall, O'Neill, Imboden & Styve, P.S. and John R. Connelly, Jr. and Nathan P. Roberts of Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

**I.   PARTIES**

1. Defendant COWLITZ COUNTY ("Cowlitz") is a political subdivision of the State of Washington. Cowlitz has various departments including but not limited to the

FIRST AMENDED COMPLAINT - 1 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  Cowlitz County Corrections Department, which operates the jail, the Cowlitz County
2  Sheriff's Department, and the Cowlitz County Coroner's Office.

3      2.      Defendant MARIN FOX HIGHT ("Ms. Fox Hight") is the administrator who
4  supervises the Cowlitz County Corrections Department, including the jail, and is therefore
5  responsible for ensuring the presence and implementing of proper policies, procedures, and
6  training.

7      3.      Defendants JOHN DOES 1 – 5 ("Defendants Doe") are employees and/or agents
8  of Cowlitz County. Each John Doe was within the scope of his/her employment at all times
9  relevant hereto. It is believed most, if not all, of the John Does are residents of Cowlitz County.
10 Their identities are unknown at this time and will be named as discovery progresses.

11     4.      When used herein, the term "Defendants Cowlitz" refers to Defendants Cowlitz
12 County, Fox Hight, and Doe, collectively.

13     5.      Plaintiff JULE CROWELL is the duly appointed Personal Representative of the
14 Estate of her daughter Stephanie Deal, deceased. Both she and her daughter were residents of
15 Cowlitz County at all times material hereto. Ms. Crowell brings all claims available to the Estate
16 and its beneficiaries under State and Federal law.

17     6.      Plaintiff DAVID NELSON, attorney at law, is the duly appointed Guardian ad
18 Litem for the minors E.M., age 6, and J.A., age 3, E.M. and J.A. are children of the deceased,
19 Stephanie Deal. E.M. is a special needs child.

20                       **II.    JURISDICTION AND VENUE**

21     7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.
22     8.      Venue is proper in the Western District of Washington pursuant to 28 U.S.C. §
23 1391 because Defendant COWLITZ COUNTY resides in this judicial district and because a

FIRST AMENDED COMPLAINT - 2 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

substantial portion of the events and omissions giving rise to this claim occurred in Cowlitz County, Washington, within the Western District of Washington.

### III. STATUTORY COMPLIANCE

9. On or about October 15, 2013, an administrative claim for damages was served upon Cowlitz County.

10. Any prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly been satisfied.

### IV. STATEMENT OF FACTS

11. Many of the people who spend time in jails and prisons will require medical care and treatment. Because they are incarcerated, and not free to leave the facility to obtain such care on their own, those who operate jails and prisons have an obligation to provide any and all reasonably-necessary medical and psychiatric care and treatment.

12. This obligation is known and understood by reasonably prudent jail administrators and operators.

13. In Washington, it is known and understood by reasonable jail administrators that the quality of medical care must be the same as what would be provided in the outside community.

14. Sadly, Defendants Cowlitz have not been meeting this obligation—in fact, they have not been coming anywhere close. Defendants are not even trying; they have been negligent, grossly negligent, and have showed callous disregard and deliberate indifference to the medical needs of the inmates at the Cowlitz County jail. This includes failing to have and follow proper training, policies, and procedures for the care and treatment of people in the jail. It also includes a cold-hearted attitude on the part of front-line staff, who ignore medical problems as

FIRST AMENDED COMPLAINT - 3 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  they present and who turn a blind eye and a deaf ear to people who have serious medical
2  problems.

3  15.  As a result of these failures, in the last few months no fewer than four individuals
4  have died unnecessarily while in the Cowlitz County jail.

5  16.  Among the deceased are Jenny Lynn Borelis, a 28-year old woman, was booked
6  into the Cowlitz County jail on Saturday, May 12, 2013 and died on May 16, 2013. Ms. Borelis
7  died after repeated calls and requests for medical attention were ignored by jail staff.

8  17.  Following this death, which put Defendants Cowlitz on notice of the serious
9  problems in its jail, Corrections Director Marin Fox Hight indicated that "no changes were made
10 to our policies or procedures as a result of this incident."

11 18.  The failure to make changes in the wake of this avoidable tragedy constituted
12 deliberate indifference, and gross negligence, on the part of Ms. Fox Hight and Cowlitz County.

13 19.  Three additional and completely avoidable deaths subsequently occurred in the
14 Cowlitz County jail. The next to die was Stephanie Jo Deal, age 29, a mother of two young
15 children. Then, on January 20, 2014, 22-year-old Daniel Bush was found dead in his cell while
16 serving a 30-day sentence. Most recently, on February 3, 2014, Cameron Kele Kuanoni, age 31,
17 was also found dead in his cell. Mr. Kuanoni also left behind two young children.

18 20.  Stephanie Deal was booked into the Cowlitz jail on the day of Ms. Fox Hight's
19 announcement that nothing would be done in response to the prior death. Ms. Deal was booked
20 for two misdemeanor driving offenses. She appeared by television from the jail to the Cowlitz
21 County District Courtroom on Monday, August 5, 2013, but had to leave the room because she
22 was too ill.

23 21.  The next day, Tuesday, August 6, 2013 she appeared before the Court, Judge

FIRST AMENDED COMPLAINT - 4 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Koss, who set bail and put her arraignment over one week to Tuesday, August 13, 2013. She would not live to see her arraignment.

22. Others at the jail observed that Stephanie Deal became increasingly ill over the next few days; she was falling down, constantly vomiting, and was disoriented. Defendants Cowlitz were repeatedly alerted but Ms. Deal and by other inmates but, as in the case of Jenny Lynn Borelis, these cries for help were ignored (and some of the other inmates were threatened and told to keep quiet).

23. The staff and administrators at the Cowlitz jail, including the Defendants herein, had actual knowledge of Stephanie Deal's deteriorating medical condition, yet they did nothing in response. No care or treatment was provided, and despite objective confirmation that she was in serious trouble (via her lab work) jail staff accused Ms. Deal of "faking it."

24. Despite knowing that she needed medical attention, Defendants Cowlitz failed to provide reasonably-necessary care and treatment to Ms. Deal until her condition deteriorated to a fatal state. This constituted negligence and deliberate indifference on the part of Defendants Cowlitz.

25. In the early morning hours of Saturday, August 10, 2013, one week after her arrest, Ms. Deal had deteriorated to the point that she was completely non-responsive and incoherent. Only at this point did jail staff reluctantly decide to call an ambulance.

26. They called Judge Koss, who then "telephonically released" Ms. Deal on a Personal Recognizance bond for "medical reasons." This was done to avoid the expense associated with meeting the jail's obligation to provide reasonable medical care.

27. This is not surprising, as Cowlitz County jail regularly denies necessary treatment to inmates, waits until they are critically ill, and then "releases" the inmates to the local hospital

FIRST AMENDED COMPLAINT - 5 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

to avoid paying the costs of inmates' medical care. This practice is well-documented and has gone so far as to cause disputes between PeaceHealth (owner of St. John Medical Center) and Cowlitz County.

28. Even after calling the ambulance for Ms. Deal, jail staff, including medical staff, stood around and took their sweet time transferring Ms. Deal from the jail to the paramedics.

29. Upon her arrival at the hospital, Ms. Deal was pronounced dead.

30. Prior to death, she suffered extreme humiliation, anxiety, physical pain and suffering, and emotional distress.

31. Stephanie Deal's death was completely unnecessary and could have been easily prevented via provision of even the most basic medical care and treatment.

32. An autopsy was performed on Stephanie Deal by Cliff Nelson, MD, under contract with Cowlitz County. Tissue/fluid samples were sent to the Washington State Crime Lab and AIT Laboratories, an independent lab.

33. While Stephanie Deal's death certificate issued by the Cowlitz County Coroner proclaims cause of death as "undetermined", Dr. Nelson told the family, a civil deputy prosecutor, a defense attorney for the risk pool, and the coroner that more probably so than not, death was caused by dehydration. There was no other cause of death. The Coroner has not changed the cause of death.

34. The conduct described above meets the Washington common law definition of "outrageous conduct." The jail knew or should have known that Ms. Deal was vulnerable and unable to care for herself. Allowing a person to vomit for a week until the person dies of dehydration is intolerable and outrageous. Failure to act, by those responsible, would be unacceptable were the subject a dog or cat, much less a human being.

FIRST AMENDED COMPLAINT - 6 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## V.   FIRST CAUSE OF ACTION – NEGLIGENCE

35.   Defendants Cowlitz had a non-delegable duty to care for inmates and provide reasonable medical care.

36.   This duty exists because prisoners, by virtue of incarceration, are unable to obtain medical care for themselves.

37.   Defendants Cowlitz breached that duty, and were negligent, when they failed to have and follow proper training, policies, and procedures on the assessment of persons with apparent medical needs.

38.   Defendants Cowlitz breached that duty, and were negligent, when they failed to have and follow proper training, policies, and procedures on the provision of reasonable and necessary medical care and treatment to inmates.

39.   Defendants Cowlitz breached that duty, and were negligent, when they failed to have and follow proper training, policies, and procedures on the care of persons going through withdrawal following use of controlled substances.

40.   Defendants Cowlitz breached that duty, and were negligent, when they failed to ensure adequate and proper medical staffing at the jail.

41.   Defendants Cowlitz breached that duty, and were negligent, when they turned a blind eye to Stephanie Deal's obvious medical needs.

42.   Defendants Cowlitz breached that duty, and were negligent, when they ignored repeated requests for help from Stephanie Deal and her fellow jail residents.

43.   Defendants Cowlitz breached that duty, and were negligent, when they accused Stephanie Deal of "faking it" immediately prior to her death.

44.   As a direct and proximate result of the breaches, failures, and negligence of

FIRST AMENDED COMPLAINT - 7 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Defendants Cowlitz, as described above and in other respects as well, Stephanie Deal died a horrible death. She also suffered unimaginable pre-death pain, suffering, embarrassment, and terror.

45. Stephanie Deal leaves behind two small children, E.M., age 6, and J.A., age 3. As a direct and proximate result of the breaches, failures, and negligence of Defendants Cowlitz, Ms. Deal's children have been deprived of their mother's companionship, care, love, comfort, and guidance.

46. As a direct and proximate result of the breaches, failures, and negligence of Defendants Cowlitz, as described above and in other respects as well, Plaintiffs have incurred and will continue to incur general and special damages in an amount to be proven at trial.

### VI.   SECOND CAUSE OF ACTION – 42 U.S.C. § 1983

47. The acts and failure to act, described above were done under color of law and is in violation of 42 U.S.C. § 1983 depriving Stephanie Deal of her civil rights.

48. Defendants Cowlitz knew of and disregarded the excessive risk to inmate health and safety caused by their failure to have and follow proper training, policies, and procedures.

49. Defendants Cowlitz had a policy of denying treatment; that policy posed a substantial risk of serious harm to the inmates in the jail, including Ms. Deal, and Defendants Cowlitz knew that its policy posed this risk.

50. Defendants Cowlitz knew of and disregarded the excessive risk to inmate health and safety caused by their failure to provide reasonable and necessary medical care and treatment.

51. Defendants Cowlitz displayed deliberate indifference when they ignored Stephanie Deal's symptoms and refused to respond to other inmates' calls for assistance in aid.

FIRST AMENDED COMPLAINT - 8 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

52. This callousness reflects a custom, pattern, or policy wherein the jail either intentionally violated or was deliberately indifferent to the health, welfare, and civil rights of Ms. Deal and her fellow inmates.

53. As a direct and proximate result of the deliberate indifference of Defendants Cowlitz, as described above and in other respects as well, Stephanie Deal died a terrible and easily-preventable death. She suffered pre-death pain, suffering, anxiety, and terror, before being killed and leaving behind two young children who no longer have a mother.

54. Although Jule Crowell, mother of the decedent, was not dependent upon Stephanie Deal for support, she maintains her claim for non-economic damages for violation of her substantive due process interest in the companionship of her daughter pursuant to the U.S. Constitution's Fourteenth Amendment and 42 U.S.C. § 1983. Jule Crowell had a constitutionally protected liberty interest in the companionship of her adult daughter and the conduct of Defendants Cowlitz shocks the conscience and is a violation of due process.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants COWLITZ COUNTY, MARIN FOX HIGHT, and JOHN DOES 1 - 5:

(a) Fashioning an appropriate remedy and awarding Plaintiffs general and special damages, including damages for pain, suffering, terror, and loss of consortium, pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount to be proven at trial;

(b) Awarding them reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, or as otherwise available under the law;

(c) Declaring the defendants jointly and severally liable;

(d) Awarding them any and all applicable interest on the judgment; and

FIRST AMENDED COMPLAINT - 9 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  (e) Awarding them such other and further relief as the Court deems just and proper.

DATED this 27th day of February, 2014.

CONNELLY LAW OFFICES, PLLC

By_____
John R. Connelly, Jr., WSBA No. 12183
2301 North 30th Street
Tacoma, WA 98403
Phone: (253) 593-5100
E-mail: jconnelly@connelly-law.com
*Attorneys for Plaintiffs*

CONNELLY LAW OFFICES, PLLC

By_____
Nathan P. Roberts, WSBA No. 40457
2301 North 30th Street
Tacoma, WA 98403
Phone: (253) 593-5100
E-mail: nroberts@connelly-law.com
*Attorneys for Plaintiffs*

CRANDALL O'NEILL IMBODEN & STYVE, P.S.

By_____
Duane C. Crandall, WSBA No. 10751
P.O. Box 336
Longview, WA  98632-7211
Phone: (360) 425-4470
E-mail: dcrandall@longviewlaw.com
*Attorneys for Plaintiffs*

FIRST AMENDED COMPLAINT - 10 of 10
(No. 3:14-cv-5153-BHS)

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax