|   |   |
|---|---|
| JULE CROWELL, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>COWLITZ COUNTY, et al.,<br><br>               Defendants. | CASE NO. C14-5153 BHS<br><br>ORDER RE CONSOLIDATION AND RELATED MATTERS |
| KELE KUANONI,<br><br>               Plaintiff,<br><br>   v.<br><br>COWLITZ COUNTY, et al.,<br><br>               Defendants. | CASE NO. C14-5385 BHS |
| LISA SULLY, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>COWLITZ COUNTY, et al.,<br><br>               Defendants. | CASE NO. C14-5672 BHS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ORDER - 1

This matter comes before the Court on numerous motions filed by the parties in these three actions. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

**A.** *Crowell, et al.*

On February 6, 2014, Plaintiffs Jule Crowell and David Nelson ("Crowell Plaintiffs") filed a complaint against Defendants Cowlitz County and five John Does in Cowlitz County Superior Court for the State of Washington. Cause No. 14-5153BHS, Dkt. 1.

On February 24, 2014, Defendant Cowlitz County removed the matter to this Court. Dkt. 1.

On February 27, 2014, the Crowell Plaintiffs filed an amended complaint against Defendants Cowlitz County, Marin Fox Hight, and five John Does ("Crowell Defendants") asserting two causes of action stemming from the death of Stephanie Deal while incarcerated at Cowlitz County Jail. Dkt. 8.

On September 18, 2014, the Crowell Plaintiffs filed a motion to consolidate the three cases captioned above. Dkt. 28. On October 6, 2014, the Crowell Defendants responded. Dkt. 32. On October 10, 2014, the Crowell Plaintiffs replied. Dkt. 36.

On October 9, 2014, Intervenor ConMed, Inc. ("ConMed") filed a motion to intervene. Dkt. 34. On October 22, 2014, the Crowell Plaintiffs responded and filed a motion for relief from deadline. Dkts. 37 & 38. On October 29, 2014, ConMed replied to the motion to intervene. Dkt. 39. On October 29, 2014, ConMed responded to the

Crowell Plaintiffs' motion for relief from deadline (Dkt. 40), the Crowell Plaintiffs replied (Dkt. 41), and ConMed filed a surreply (Dkt. 42).[1]

**B.   *Kuanoni***

On May 8, 2014, Plaintiff Kele Kuanoni ("Kuanoni") filed a complaint against Defendants Cowlitz County, Marin Fox Hight, and five John Does ("Kuanoni Defendants") asserting a cause of action stemming from the death of Cameron Kuanoni while incarcerated at the Cowlitz County Jail.  Dkt. 1.  On August 19, 2014, Kuanoni filed an amended complaint adding a cause of action for negligence.  Dkt. 17.

On October 9, 2014, Intervenor ConMed, Inc. ("ConMed") filed a motion to intervene.  Dkt. 23.  On October 22, 2014, Kuanoni responded and filed a motion for relief from deadline.  Dkts.  24 & 25.  On October 29, 2014, ConMed replied to the motion to intervene.  Dkt. 26.  On October 29, 2014, ConMed responded to Kuanoni's motion for relief from deadline (Dkt. 27), the Kuanoni replied (Dkt. 28), and ConMed filed a surreply (Dkt. 29).[2]

**C.   *Sulley, et al.***

On August 25, 2014, Plaintiffs Lisa Sully, as personal representative of the estate of Jenny Lynn Borelis, and Kimberly Bush, as personal representative of the estate of Daniel D. Bush ("Sully Plaintiffs") filed a complaint against Defendants Cowlitz County, Marin Fox Hight, and five John Does ("Sully Defendants").  Cause No. 14-5672, Dkt. 1

---

[1] The Court denies the motion for an extension of time and will accept the Crowell Plaintiffs' tardy response brief because ConMed is not prejudiced by the barely late submission.
[2] The Court denies the motion for an extension of time and will accept Kuanoni's tardy response brief because ConMed is not prejudiced by the barely late submission.

1  ("Sully Comp."). The Sully Plaintiffs assert two causes of action stemming from the

2  deaths of Jenny Lynn Borelis and Daniel Bush while both were incarcerated in the

3  Cowlitz County Jail. *Id*.

4        On September 18, 2014, the Sully Plaintiffs filed a notice of the pending motion to

5  consolidate these three cases. Dkt. 9.

6        On October 2, 2014, the Sully Defendants filed a motion to continue the motion to

7  consolidate. Dkt. 12. On October 8, 2014, the Sully Defendants responded. Dkt. 15. On

8  October 10, 2014, the Sully Defendants replied. Dkt. 21.[3]

9        On October 21, 2014, the Sully Plaintiffs filed a motion to strike the third-party

10 complaint against Third-party Defendant ConMed, Inc. ("ConMed"). Dkt. 22. On

11 November 3, 2014, the Sully Defendants and ConMed responded. Dkts. 24 & 26. On

12 November 7, 2014, the Sully Plaintiffs replied. Dkt. 27. On November 19, 2014, the

13 Court denied the motion. Dkt. 29.

14 **II. DISCUSSION**

15 **A.  Motions to Intervene**

16       ConMed seeks to intervene in the *Crowell* and *Kuanoni* actions as a matter of

17 right. Cause No. 14-5153, Dkt. 34. The Ninth Circuit has adopted a four-part test for

18 deciding applications as of right pursuant to the rule:

19 > (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the
20 > action; (3) the applicant must be so situated that without intervention the

---

22 [3] The Court denies the motion because the parties have had sufficient time to respond to the motions to consolidate.

1    disposition of the action may, as a practical matter, impair or impede his
     ability to protect that interest; and (4) the applicant's interest must be
2    inadequately represented by the other parties.

3  *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (1983).

4         In this case, the Crowell Plaintiffs and Kuanoni argue that ConMed has failed to

5  show that (1) it has a significant protectable interest and (2) any interest will be

6  adequately represented. Cause No. 14-5153, Dkt. 38. The Court disagrees. First,

7  although the Crowell Plaintiffs and Kuanoni provide rather elaborate arguments based on

8  the right to contribution and the borrowed servant doctrine, they completely ignore the

9  indemnity contract between ConMed and Cowlitz County. Pursuant to the explicit terms

10 of that agreement, ConMed has a protectable interest relating to the claims asserted in

11 these cases.

12        Second, the Crowell Plaintiffs and Kuanoni assert claims against Cowlitz County

13 employees, such as Defendant Hight, as well as ConMed employees. *See*, *e.g*., Cause

14 No. 14-5153, Dkt. 8. Pursuant to the terms of the indemnity agreement, the county is

15 indemnified for the liability of the ConMed employees. This creates a situation where

16 the interests are not identically aligned because liability could possibly be shifted to the

17 indemnified parties. Therefore, ConMed has shown that it is entitled to intervention as a

18 matter of right in these actions, and the Court grants its motions.

19 **B.   Consolidation**

20        "If actions before the court involve a common question of law or fact, the court

21 may: (1) join for hearing or trial any or all matters at issue in the actions; [or] (2)

22 consolidate the actions . . . ." Fed. R. Civ. P. 42(a)

In this case, the named plaintiffs seek to consolidate the three actions set forth in the caption above. *See* Cause No. 14-5153, Dkt. 28. While Cowlitz County contends that consolidation for discovery purposes may mitigate expenses and inconvenience, it argues that the Court should deny the motion to consolidate the cases for trial. The Court agrees. The actions present common questions of fact and law and consolidation would result in more efficient proceedings and in the use of less resources. However, the Court recognizes that Defendants may suffer prejudice if all three cases are tried in the same trial. Therefore, the Court grants the motion to consolidate for all pretrial matters and denies the motion without prejudice with regard to a consolidated trial.

The parties **SHALL** file all further documents in Cause No. 14-5153 and the Clerk shall administratively close the other actions. The scheduling order in Cause No. 14-5153 will apply to all the consolidated actions, and the parties must file a motion to extend deadlines if good cause exists to do so.

## III. ORDER

Therefore, it is hereby **ORDERED** that

1. ConMed's motions to Intervene (Cause No. 14-5153, Dkt. 34 & Cause No. 14-5385, Dkt. 23) are **GRANTED**;

2. The Crowell Plaintiffs' motion to consolidate (Cause No. 14-5153, Dkt. 28) is **GRANTED in part** and **DENIED in part** as stated herein;

3. The Crowell Plaintiffs and Kuanoni's motions for relief from deadline (Cause No. 14-5153, Dkt. 37 & Cause No. 14-5385, Dkt. 24) are **DENIED**; and

4. The Sully Defendants' motion to continue (Cause No. 14-5672, Dkt. 12) is **DENIED**.

Dated this 21st day of November, 2014.

BENJAMIN H. SETTLE
United States District Judge