UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULE CROWELL, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>COWLITZ COUNTY, et al.,<br><br>                Defendants<br><br>CONMED, INC.,<br><br>                Intervener/Third-Party Defendant. | CASE NO. C14-5153 BHS<br><br>CONSOLIDATED FOR PRETRIAL PURPOSES WITH<br><br>C14-5385BHS<br><br>C14-5672BHS<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, RESERVING RULING IN PART, AND REQUESTING PARTIES TO SHOW CAUSE |

This matter comes before the Court on Intervenor and Third-Party Defendant Conmed, Inc. ("Conmed") and Defendants and Third-Party Plaintiffs Cowlitz County ("County") and Marin Fox Hight's ("Hight") motions for summary judgment on Kuanoni claims (Dkts. 91 & 98) and Plaintiffs Julie Crowell, Kele Kuanoni, David Nelson, Lisa Sully and Kimberly Bush's ("Plaintiffs") motion to continue Defendants' motions for summary judgment (Dkt. 96). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

ORDER - 1

# I. PROCEDURAL HISTORY

On May 8, 2014, Plaintiff Kele Kuanoni, as the Personal Representative of the estate of his son Cameron Kuanoni ("Kuanoni"), filed a complaint against the County and Hight asserting causes of action for negligence and violation of civil rights. C14-5385BHS, Dkt. 1. On November 21, 2014, the Court granted Conmed's motion to intervene and consolidate the matter with the above captioned case for pretrial purposes. *Id.*, Dkt. 30

On September 2, 2015, Conmed filed a motion for summary judgment. Dkt. 91. On September 21, 2015, Plaintiffs responded. Dkt. 117. On September 24, 2015, Conmed replied. Dkt. 119.

On September 10, 2015, the County and Hight filed a motion for summary judgment. Dkt. 98. On September 28, 2015, Kuanoni responded. Dkt. 131. On October 2, 2015, the County and Hight replied. Dkt. 141.

On September 10, 2015, Plaintiffs filed a motion to continue Defendants' motions for summary judgment. Dkt. 96. On September 21, 2015, Conmed responded. Dkt. 115.

# II. FACTUAL BACKGROUND

On November 12, 2013, Kuanoni was sentenced for 4th degree assault/domestic violence. Dkt. 99, Declaration of Marin Fox Hight ("Hight Dec."), Exh. 1. On January 29, 2014, Kuanoni was booked into the Cowlitz County Jail ("CCJ"). *Id.* In the intake documents, Kuanoni denied that he was suicidal but did indicate that he expected to be detoxing from alcohol. *Id.* Under the "Suicide Assessment" portion of the intake

medical report, the intake agent marked "yes" for signs of withdrawal from drugs or alcohol. *Id*. at 3.

The next day, a registered nurse with the CCJ's contracted medical provider, Conmed, examined Kuanoni. *Id*., Exh. 3. The nurse indicated that Kuanoni was withdrawing from alcohol and benzodiazepine. *Id*. Kuanoni was admitted to medical housing, and prescribed comprehensive treatment for his condition. *Id*., Exh. 3 & 4. On February 2, 2014, the detox protocol was discontinued at 7:30 PM. *Id*., Exh. 3 at 2. The record does not indicate why the protocol was discontinued.

On February 3, 2014, at about 6:00 PM, Kuanoni was involved in an incident with his cell mates. *Id*., Exh. 5. Kuanoni received a cut over his eye, and a Conmed nurse assisted in dressing the cut. *Id*. An investigation determined that Kuanoni was the instigator of the incident, and CCJ staff placed Kuanoni into a separate cell for the evening to eliminate further contact with his cell mates. *Id*. The cell check log shows cell checks at 18:12, 19:32, 20:41, and 21:47. *Id*., Exh. 8. Jail Corrections Officer (C.O.) Reeves passed Kuanoni a number of times after he was placed in cell H-7, and he appeared fine. *Id*., Exh. 9. Kuanoni asked C.O. Reeves for a book, and Reeves responded that he would get one later in the evening. *Id*. At the 21:47 check, Kuanoni was lying in his bunk breathing. *Id*., Exh. 10.

At about 22:35, while on another round of cell checks, C.O. Jonathan Dahlke discovered Kuanoni had rolled up a bed sheet, tied it around his neck and a bed, and used it to hang himself. *Id*. Attempts to resuscitate Kuanoni were unsuccessful. *Id*.

## III. DISCUSSION

**A.     Summary Judgment**

Conmed, the County, and Hight move for summary judgment on both of Kuanoni's claims. Dkts. 91 & 98. Because the Court grants the motion on Kuanoni's federal claim, the Court does not reach the merits of Kuanoni's state law claims and requests the parties' positions as to the discretionary exercise of supplemental jurisdiction.

**1.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.      42 U.S.C. § 1983**

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under section 1983, a plaintiff must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

In this case, Kuanoni's Eighth Amendment right is at issue.  "The Eighth Amendment's proscription against cruel and unusual treatment is violated when officials remain deliberately indifferent to the serious medical needs of convicted prisoners." *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  "[D]eliberate indifference entails something more than mere negligence, [and] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "The inmates must demonstrate that they were confined under conditions posing a risk of 'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care."  *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).  "Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation."  *Clement*, 298 F.3d at 904.

Kuanoni has failed to submit evidence establishing questions of fact on either subjective or objective deliberate indifference.  In fact, Kuanoni's entire argument on this claim consists of two conclusory sentences:

> Mr. Kuanoni had "the established right" not to have officials remain deliberately indifferent to his serious medical needs (drug and alcohol withdrawal and the associated symptoms, including the attendant risk of self-harm). Because that right was clearly violated in Cameron Kuanoni's case, summary judgment is not appropriate.

Dkt. 131 at 9–10 (citations omitted).  Contrary to Kuanoni's assertions, summary judgment is appropriate.  Objectively, there is no evidence in the record to establish that Kuanoni was suicidal.  While drug and alcohol withdrawal is cause for concern, as

evidenced by the intake papers and the withdrawal protocol, Kuanoni did not exhibit any symptoms of mental health issues during the time of his incarceration.  In other words, Kuanoni did not exhibit an objective, sufficiently serious medical need that was ignored. *See, e.g.*, *Edwards v. Gilbert*, 867 F.2d 1271, 1275 (11th Cir. 1989) ("In the absence of a previous threat of or an earlier attempt at suicide, we know of no federal court in the nation or any other court within this circuit that has concluded that official conduct in failing to prevent a suicide constitutes deliberate indifference.").  Kuanoni neither threatened nor previously attempted suicide.  Moreover, Kuanoni was released from medical housing at the direction of a physician's assistant.  The record is silent as to why the release was ordered, but Kuanoni has failed to establish that the release was contrary to any medical need, let alone a serious medical need.

Likewise, Kuanoni has failed to submit any subjective evidence to show a culpable mental state on behalf of any jail or medical staff.  In fact, the CCJ staff placed Kuanoni in cell H-7 for his own safety after the altercation with his former cell mates.  Moreover, the staff did regular checks on Kuanoni.  In light of these facts, there is an absence of evidence that any official either recklessly disregarded or specifically intended to deny Kuanoni proper medical care.  Therefore, the Court grants Defendants' motions for summary judgment on Kuanoni's section 1983 claim.

**B.     Motion to Continue**

Plaintiffs move to continue Defendants' motions because they are premature and should be renoted for a date after the close of discovery.  "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition, the court may defer considering the motion . . . ." Fed. R. Civ. P. 56(d). "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

In this case, Plaintiffs have failed to show that a continuance is warranted. Although Plaintiffs show by affidavit general areas of discovery that they intend to explore, they fail to identify any specific fact that justifies delaying consideration of Defendants' motion as to the federal claims. Plaintiffs have the burden of showing both objective and subjective deliberate indifference, and, with respect to the objective prong, the jail records and incident reports speak for themselves. Moreover, the motions are not premature because they were filed within a month of the relevant deadline. Therefore, the Court denies Plaintiffs' motion to continue.

**C.   Supplemental Jurisdiction**

The Court may decline to exercise supplemental jurisdiction over pendant state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In this case, any party may show cause, if any exists, why the Court should exercise supplemental jurisdiction over Kuanoni's state law claims.

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Conmed, the County, and Hight's motions for summary judgment (Dkts. 91 & 98) are **GRANTED in part** on Kuanoni's federal

claims. The Court reserves ruling on Kuanoni's state law claims and orders any party to show cause, if any exists, why the Court should exercise supplemental jurisdiction over Kuanoni's state law claims. Responses must be filed by November 6, 2015.

      Dated this 28th day of October, 2015.

BENJAMIN H. SETTLE
United States District Judge