UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULE CROWELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COWLITZ COUNTY, et al., <br><br> Defendants <br><br> CONMED, INC., <br><br> Intervener/Third-Party Defendant. | CASE NO. C14-5153 BHS <br><br> CONSOLIDATED FOR PRETRIAL PURPOSES WITH <br><br> C14-5385BHS <br><br> C14-5672BHS <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE |

This matter comes before the Court on Intervenor /Third-Party Defendant Conmed, Inc.'s ("Conmed") motion to exclude the undisclosed opinions of Dr. Richard Cummins (Dkt. 88) and Plaintiffs Julie Crowell, Kele Kuanoni, David Nelson, Lisa Sully and Kimberly Bush's ("Plaintiffs") motion for relief from deadline (Dkt. 93). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

ORDER - 1

## I. PROCEDURAL HISTORY

On July 29, 2014, the Court issued a scheduling order setting certain pretrial deadlines. Dkt. 19. On April 30, 2015, the Court granted the parties' stipulated motion to extend certain deadlines and extended the expert report deadline to August 27, 2015. Dkt. 80.

On September 1, 2015, Conmed filed a motion to strike the expert reports of Dr. Cummins. Dkt. 88. On September 14, 2015, Plaintiffs responded. Dkt. 101. On September 18, 2015, Conmed replied. Dkt. 113.

On September 9, 2015, Plaintiffs filed a motion for relief from deadline. Dkt. 93. On September 16, 2015, Conmed responded. Dkt. 103. On September 18, 2015, Plaintiffs replied. Dkt. 112.

## II. DISCUSSION

The Court's scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). Moreover, if a party fails to meet discovery deadlines, the party is precluded from using that evidence to support a motion or at trial unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In this case, Plaintiffs fail to show good cause, excusable neglect, substantial justification, or harmlessness. With regard to good cause for an extension, Plaintiffs assert, without support, that "the complexity of the case, the issues to date with obtaining discovery, and Dr. Cummins' travel schedule hampered his ability" to complete his reports on time. Dkt. 112 at 5. Even if true, none of these reasons justifies Plaintiffs' failure to request an extension before the expert deadline had passed. In fact, Plaintiffs'

motion was filed two weeks after the relevant deadline. "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules, W.D. Wash. LCR 7(j). Moreover, if a party requests an extension after the deadline has passed, the party must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). It is reasonable to assume that Plaintiffs knew that Dr. Cummins' reports would not be produced by the deadline, and they failed to timely seek an extension. Under those circumstances, the Court is unable to find that good cause exists or excusable neglect to grant any extension. Therefore, the Court denies Plaintiffs' motion for relief from deadline.

With regard to striking Dr. Cummins' reports, the parties dispute appropriate sanctions, if any should be imposed at all, because it is undisputed that Plaintiffs failed to meet the relevant deadline. Exclusion is the "self-executing" or "automatic" sanction contemplated under Rule 37(c). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 advisory committee's note (1993)). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Id*. First, Plaintiffs' failure to meet the deadline was not substantially justified because they had knowledge that they would likely miss the deadline and failed to appropriately respond to the possible failure. The Court requires expert reports to be produced well in advance of trial so that the opposing party has an adequate opportunity to evaluate and respond to the report. Knowingly

missing this deadline, regardless of the reasons, is not substantial justification for such a failure.

Second, Conmed has been harmed, to some extent, by Plaintiffs' failure to meet the deadline. Plaintiffs contend that Dr. Cummins tendered his opinions on the Borelis, Bush, and Deal decedents as of the time of their response. Dkt. 101. The Court finds that, although tardy, Conmed has sufficient time to respond and may seek an extension of rebuttal experts, if necessary. Dr. Cummings, however, may not supplement any of these reports and may not submit any other report. Therefore, the Court grants Conmed's motion in part and denies the motion in part.

Finally, with regard to fees, Conmed is entitled to its fees for bringing its motion. *See* Fed. R. Civ. P. 37(a)(5)(A).

## III. ORDER

Therefore, it is hereby **ORDERED** that Conmed's motion to exclude the undisclosed opinions of Dr. Richard Cummins (Dkt. 88) is **GRANTED in part** and **DENIED in part** as stated herein and Plaintiffs' motion for relief from deadline (Dkt. 93) is **DENIED**. Conmed may file a petition for fees no later than November 10, 2015, and Plaintiffs may respond by November 13, 2015.

Dated this 2nd day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4